DARRELL L. COCHRAN
(darrell@pcvalaw.com)
NICHOLAS B. DOUGLAS
(cole@pcvalaw.com)
Pfau Cochran Vertetis Amala PLLC
911 Pacific Ave., Ste. 200
Tacoma, WA 98402
Tel: (253) 777-0799

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON AUSTIN, individually,<br><br>Plaintiff,<br><br>vs.<br><br>HARBOR FREIGHT TOOLS USA, INC., a foreign corporation; and JOHN DOES 1-5,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW the above-named Plaintiff, by and through his counsel, Darrell L. Cochran, Nicholas B. Douglas, and Pfau Cochran Vertetis Amala, PLLC, to bring a cause of action against Defendant, and allege the following:

**I.   PARTIES**

1.1   Plaintiff Brandon Austin was, at all relevant times, a resident of Pierce County, Washington.

1.2 Defendant Harbor Freight Tools USA, Inc., is a Delaware corporation licensed to do business in the State of Washington.

1.3 Defendant Harbor Freight Tools USA, Inc., is a foreign corporation doing business in the State of Washington and/or placing manufactured goods in the stream of commerce with the knowledge that the goods will be sold and used in the State of Washington.

1.4 Defendants John Does 1-5 designed, manufactured, distributed, and/or sold the defective Harbor Freight Tool's Greenwood™ Propane Torch that malfunctioned and resulted in the severe burning of Plaintiff Brandon Austin. These defendants knew those products would be sold and distributed within the state of Washington. These John Doe defendants will be identified more fully as their names are learned during discovery, but they will include the manufacturer(s), distributor(s), and seller(s) of the Harbor Freight Tool's Greenwood™ Propane Torch that harmed Plaintiff. Any such individuals and entities are hereby on notice that they will be named as defendants in this case as soon as their identity is established.

## II.   JURISDICTION

2.1 This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1). Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00.

2.2 This Court has pendant and supplemental subject matter jurisdiction over the state law claims over the state law claims pursuant to 28 U.S.C. § 1367.

2.3 This Court has personal jurisdiction over the Defendant Harbor Freight Tools USA, Inc. because Defendant is licensed to and regularly does conduct business in Washington; the unlawful conduct alleged in this Complaint occurred in and/or emanated, in part, from Washington; and/or Defendant Harbor Freight Tools USA, Inc. has sufficient minimum contacts with Washington.



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

### III.   VENUE

3.1   Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in and/or emanated from this District.  These events and omissions included but are not limited to: Plaintiff Brandon Austin resides in this District, engaged in a consumer transaction with Defendant in this District, and the facts giving rise to this lawsuit occurred in this District.

3.2   Venue is additionally proper because Defendant Harbor Freight Tools USA, Inc. is registered to and conducts business in this District.

### IV.   FACTUAL SUMMARY

4.1   On May 31, 2017, Brandon Austin purchased a Greenwood™ Propane Torch – Item 61589 or 91033 ("Torch") on Amazon.com. The owner of the Greenwood trademark is Defendant Harbor Freight Tools USA, Inc.  Defendant Harbor Freight Tools USA, Inc. is also responsible for the warnings, instructions, labels, and marketing of all products sold under the Greenwood™ name. Upon information and belief, Defendant Harbor Freight Tools USA, Inc. and Defendants John Doe 1-5, designed and manufactured the Torch that burned Plaintiff.

4.2   Seven days later, on June 7, 2017, the Torch was delivered to Austin's home in Spanaway, Washington. The box in which the Torch was shipped stated the following: "The safe and easy-to-use portable torch to control weeds, or clear ice from sidewalks and driveways."

4.3   Included in the packaging materials containing the Torch, was an owner's manual for the product. The owner's manual for the Torch was copyrighted by Defendant Harbor Freight Tools USA, Inc.  The manual directed users to visit "our website at: http://www.harborfreight.com" and email technical support at productsupport@harborfreight.com.  The manual instructed users to call 1-888-866-5797, a toll-free number for Harbor Freight Tools, for any technical related questions.



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

4.4   The owner's manual also included a section labeled, "Limited 90 Day Warranty." This portion of the manual expressly stated that, "Harbor Freight Tools Co. makes every effort to assure that its products meet high quality and durability standards, and warrants to the original purchaser that this product is free from defects in materials and workmanship for the period of 90 days from the date of purchase."

4.5   The website for Harbor Freight Tools contains the following language:

ABOUT US

In 1977, when Harbor Freight Tools was started as a small family-owned business, we made a commitment to provide working people with great quality tools at the lowest prices. And for over 35 years, Harbor Freight Tools has done just that. From hand tools and generators, to air and power tools, from shop equipment to automotive tools, Harbor Freight offers more than 7,000 tools and accessories at quality levels that match or exceed competing brands, but at prices that are up to 80% less.

HOW DOES HARBOR FREIGHT SELL GREAT QUALITY TOOLS AT THE LOWEST PRICES?

We buy direct from the same factories who supply the expensive brands and pass the savings on to you. It's just that simple! Visit one of our 800 Stores Nationwide and see for yourself why over 40 million satisfied customers and leading automotive and consumer magazines keep talking about our great quality and unbeatable prices.

AT HARBOR FREIGHT, QUALITY IS OUR OBSESSION

We test our tools in our own state-of-the-art labs, just like those operated by leading consumer advocate organizations. We put our tools through punishing tests, which far exceed the strain of normal use, ensuring that our tools perform to professional standards and stay tough for the long haul. Most importantly, when it comes to quality, we walk the walk - with a 100% satisfaction guarantee, no hassle return policy and a lifetime warranty on all hand tools.[1]

4.6   According to Defendant Harbor Freight Tools USA, Inc.'s website, the company has twenty (20) different store fronts in Washington State.

4.7   On August 25, 2017, Brandon Austin used his new Torch for the first time. At approximately 3:00 p.m., Austin went outside to his backyard and connected the Torch to a

---

[1] https://www.harborfreight.com/about-us

COMPLAINT FOR DAMAGES 4 of 9



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

fifteen (15) pound propane tank per the operation instructions detailed in the owner's manual. Austin tightened all fittings using the wrench that was included in the Torch packaging.

4.8   The propane tank was full at the time the Torch was first connected.

4.9   After lighting the Torch, Austin began to clear weeds located in his backyard. He went from weed to weed burning each one as he went. After approximately twenty (20) minutes, Austin heard propane escape near the handle of the Torch – on information and belief, the hose near the Handle Connector cracked and/or burst. Instantaneously, flames spread to Austin's body and clothes.

4.10   In response, Austin dropped the Torch and began to roll on the ground in an attempt to put out the flames that were enveloping his arms and face. As he rolled, the flames transferred from his clothes to the grass in his backyard and the fire began to quickly spread.

4.11   At this point, the Torch was still spraying propane all over his yard. Noticing this, Austin got up and ran to the water hose located near the back of his home. He turned the water faucet and began to shower the Torch and burning grass with water. Austin sprayed the Torch with water for approximately ten (10) minutes until most of the propane had fully exited the tank. Austin then ran inside where he grabbed a fire extinguisher. He used the fire extinguisher to then snuff the flame that was still burning at the end of the Torch. Austin then shut off the gas valve on the propane tank.

4.12   Once Austin was able to successfully control the fire, his adrenaline began to subside, and he finally began to realize the true extent of his injuries. Austin felt immense pain throughout his entire body. Austin grabbed his cell phone and dialed 911 to request an ambulance. He then went inside and laid in bathtub with the cold water running. Austin quickly passed out from the shock.

4.13   Once the paramedics arrived, Austin was quickly rushed to Good Samaritan Hospital in Puyallup, Washington, where he was treated for second and third-degree burns. The



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

burns where located on his fingertips, both hands and arms, and on the left side of his face. Because of the severity of the burns, Austin was transferred to Harborview Medical Center in Seattle, Washington where he was treated in their Trauma and Burn Clinic.

## V.   CAUSES OF ACTION

**A.   First Cause of Action – Products Liability - RCW 7.72.030**

5.1   Plaintiff incorporates by reference and realleges the paragraphs above.

5.2   Defendant Harbor Freight Tools USA, Inc. and defendants John Doe 1-5 designed, assembled, and thereby manufactured and sold a defective product, the Greenwood™ Propane Torch.

5.3   The Greenwood™ Propane Torch was not reasonably safe as designed or manufactured, or was not reasonably safe because adequate warnings or instructions were not provided.

5.4   The Torch was defectively designed and unreasonably dangerous because, at the time of manufacture, the likelihood that the Torch would cause Brandon Austin's harm or similar harms, and the seriousness of those harms, outweighed the burden on defendants to design a Torch that would have prevented those harms and any adverse effect a practical, feasible alternative would have on the Torch's usefulness. Upon information and belief, if the defendants had used a higher quality hose, such as the ones sold by competitors, Plaintiff Brandon Austin would never have been burned.

5.5   Given its defects, the Torch was not reasonably safe because it was unsafe to an extent beyond that which would be contemplated by the ordinary consumer. An ordinary consumer would not contemplate that the Torch's hose could crack or burst causing the user to be covered in flames, particularly where the Defendant Harbor Freight Tools USA, Inc. represented to the public that the Torch was safe and easy to use.

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

5.6     Alternatively, Defendant Harbor Freight Tools USA, Inc. failed to exercise reasonable care in the manufacture and design of the Torch.

5.7     Alternatively, Defendant Harbor Freight Tools USA, Inc. breached express and implied warranties, including but not limited to the warranty of merchantability and the warranty of fitness regarding the Torch.

   a)   In connection with their distribution and sale of the Torch, Defendant Harbor Freight Tools USA, Inc. provided on the packaging the following statement: "The safe and easy-to-use portable torch to control weeds, or clear ice from sidewalks and driveways."

   b)   The manual also expressly stated that, "Harbor Freight Tools Co. makes every effort to assure that its products meet high quality and durability standards, and warrants to the original purchaser that this product is free from defects in materials and workmanship for the period of 90 days from the date of purchase."

   c)   This description of the Torch and the 90-day warranty were part of the basis of the bargain between the parties, thus creating express warranties that the Torch conformed to the description. RCW 62A.2-313.

   d)   Defendant Harbor Freight Tools USA, Inc. breached these express warranties by supplying Plaintiff Austin with a defective propane torch that was extremely dangerous and not safe for use.

5.8     As a direct and proximate result of Defendant Harbor Freight Tools USA, Inc.'s and Defendants John Does 1-5's wrongful acts, the plaintiff was injured, suffered physical disability and pain, emotional trauma, medical expenses, loss of earnings and earning capacity, and other damages in an amount to be determined at trial.  Further, Plaintiff Austin claims consequential damages including costs and actual attorney fees.

**B.     Second Cause of Action – Product Liability – RCW 7.72.040**

5.9     Plaintiff incorporates by reference and realleges the paragraphs above.

5.10    The Torch was marketed under a trade name or brand name of the product seller, Defendant Harbor Freight Tools USA, Inc.

5.11    Defendant Harbor Freight Tools USA, Inc. is liable for the injuries to plaintiff to the same extent as a manufacturer under RCW 7.72.040.

COMPLAINT FOR DAMAGES 7 of 9



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

**C.     Third Cause of Action – Negligence**

5.12    Plaintiff incorporates by reference and realleges the paragraphs above.

5.13    Defendant Harbor Freight Tools USA, Inc. and defendants John Doe 1-5 are liable to Plaintiff Brandon Austin because his harm was caused by their negligence in that they had a duty to exercise reasonable care in their design, manufacture, distribution and sale of the Torch, and they breached that duty as described more fully herein.

5.14    Defendant Harbor Freight Tools USA, Inc. and defendants John Doe 1-5 are further liable to Plaintiff Brandon Austin because his harm was caused by their negligence in that the defendants intentionally or negligently misrepresented that the Torch was safe and easy to use, when the defendants knew or should have known otherwise. Nowhere did the Torch warn Plaintiff Brandon Austin that hose could crack or burst during its first use causing the user to be covered in flames. Plaintiff Brandon Austin reasonably relied upon those misrepresentations in purchasing and using the Torch and would not have purchased or used the Torch in the same manner if he knew those representations were false.

5.15    Defendant Harbor Freight Tools USA, Inc. and defendants John Doe 1-5 also had a duty to exercise reasonable care in warning users of the Torch of defects of which they knew or should have known, and upon information and belief, they breached that duty because defendants learned, or should have learned, about the danger of the Torch malfunctioning and covering its users in burning flames, but they failed to exercise reasonable care in warning product users, including Plaintiff Brandon Austin, about that danger.

## VI.     NOTICE TO JOHN DOES 1-5

6.1    Plaintiff Brandon Austin believes that one or more of John Does 1-5 designed, manufactured, marketed, packaged, distributed, and/or sold the Torch, or components of the Torch, that cracked and/or burst causing Plaintiff Austin to be covered in flames, and which gave rise to this lawsuit. However, because their specific identities are presently unknown, they have not been identified by name in this complaint. Plaintiff Austin hereby gives notice to John



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Does1-5 that he intends to amend this complaint to specifically name all such John Doe defendants who may be liable for the injuries described above, which will include the manufacturer(s), distributor(s), and seller(s) of the Torch that harmed Plaintiff Austin. Any such individuals or entities are hereby on notice that they will be named as defendants in this case as soon as their identity is established

## VII.   JURY DEMAND

7.1   Plaintiff demands a trial by jury on all issues so triable.

## VIII.   PRAYER FOR RELIEF

8.1   Plaintiff prays for judgment against the Defendant Harbor Freight Tools USA, Inc. for general and special damages, including pain, suffering, humiliation, distress, and loss of services, in an amount to be proven at the time of trial, for statutory interest, for attorney fees, and for such other and further relief as the Court deems just and equitable.

8.2   Plaintiff specifically reserves the right to pursue additional causes of action, other than those specifically outlined above, that are supported by the facts pleaded herein or that may be supported by other facts that emerge during discovery.

Dated this 11th day of December, 2017.

PFAU COCHRAN VERTETIS AMALA, PLLC

By /s/ Darrell L. Cochran
  Darrell L. Cochran, WSBA No. 22851
  darrell@pcvalaw.com
  Nicholas B. Douglas, WSBA No. 49786
  cole@pcvalaw.com
  Attorney for Plaintiffs



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654