UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON AUSTIN, individually,<br><br>Plaintiff,<br><br>vs.<br><br>HARBOR FREIGHT TOOLS USA, INC., a foreign corporation; and JOHN DOES 1-5,<br><br>Defendants | No. 3:17-cv-06028-BHS<br><br>**PLAINTIFF'S MOTION FOR DISCOVERY RELATED SANCTIONS**<br><br>NOTED FOR: JANUARY 11, 2019 |

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

## I. RELIEF REQUESTED

The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. "***Mutual knowledge*** of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451 (1947); *see also Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 341, 858 P.2d 1054 (1993) (emphasis added). The Supreme Court has noted that the aim of the liberal federal discovery rules is to "make a trial less a game of blindman's b[l]uff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *U. S. v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 986–87, 2 L. Ed. 2d 1077 (1958).

Despite this common knowledge, Defendant Harbor Freight Tools has systematically, intentionally, and strategically withheld critical evidence regarding the identification of the subject propane torch at issue in this matter, severely prejudicing Plaintiff's case. Defendant first identified the subject propane torch as a Greenwood Propane Torch Item 61589 on June 3, 2018 but elected to withhold that information for the next six months in complete disregard for the discovery rules. Defendant, through strategic misrepresentations and deceit, disclosed the product ID for the first time in Defendant's expert report on December 7, 2018, less than 90 days before trial. By this time Plaintiff had already expended substantial resources conducting its own testing on a separate Greenwood Propane Torch under a different model number, Item 91033; notably, this was the same SKU number listed on Plaintiff's receipt from purchasing the subject torch, as well as the same SKU number that Defendant represented to Plaintiff was at issue in relevant discovery responses.

As demonstrated below, Defendant's deceptive tactics have been implemented for the sole purpose of gaining a strategic advantage in this litigation. Defendant should not benefit from violating the rules of discovery in such a blatant and deceitful manner. Plaintiff respectfully asks this Court for an order imposing sanctions on Defendant, not only so Plaintiff

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

can be compensated for the significant resources that have already been wasted, but also to prevent Defendant from exhibiting the same unlawful practices in the future.

## II. RELEVANT FACTS

### A. Defendant Purposely Withheld Responsive Documents for Six Months to Frustrate Plaintiff's Case

On December 11, 2017, Plaintiff Brandon Austin filed suit against Defendant Harbor Freight Tools for damages sustained from using a defective propane torch sold under the defendants' trademark.[1] On January 4, 2018, Defendant filed an answer denying all claims and asserting six different affirmative defenses.[2]

1. <u>Defendant failed to supplement its Initial Disclosures in accordance with the discovery rules.</u>

On February 26, 2018, Plaintiff's counsel contacted defense counsel for the first time to conduct the FRCP 26(f) conference,[3] pursuant to the Court's December 12, 2017 scheduling order.[4] Defense counsel was unavailable, so the parties agreed to conduct a phone conference later that week.[5] During the phone call on February 28, 2018, counsel discussed a variety of different discovery issues. It was during this meeting where defense counsel first suggested that Plaintiff waive his right to initial disclosures.[6] Defense counsel stated that traditional discovery through interrogatories and requests for production were typically more efficient and that in his experience initial disclosures were not useful at this stage of litigation. Plaintiff's counsel declined the offer but did state that Plaintiff would be willing to extend the deadline two weeks from March 5, 2018 to March 19, 2018.[7] During this same phone conference, Plaintiff's counsel informed defense counsel that Plaintiff had located the purchase and sale

---

[1] Docket ("Dkt.") #1.
[2] Dkt. #7.
[3] Cochran Decl. at Ex. 1.
[4] Dkt. #6.
[5] Cochran Decl. at Ex. 1.
[6] *See id.* at Ex. 2.
[7] *Id.*

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

information for the defective item and that the subject torch was identified as Item 91033, based upon the purchasing documents.

On March 19, 2018, the parties exchanged Initial Disclosures pursuant to the amended discovery schedule.[8] Within Plaintiff's disclosure, Plaintiff included the order information detailing his purchase of an alleged "Greenwood 91033 Propane Torch."[9] Although Defendant produced an Initial Disclosure, the production was extremely limited; no information was provided on either Greenwood Propane Torch Item 61589 or 91033.[10] Defendant's Initial Disclosure did state, however, that the limited production was "based on information currently available to Harbor Freight" and that "Harbor Freight will supplement and/or amend these disclosures as additional pertinent information and documents are obtained."[11]

Concerned over the complete lack of production of any documents concerning the subject torch in Defendant's Initial Disclosures, Plaintiff requested a discovery conference to discuss the issue.[12] On April 6, 2018, counsel for both parties spoke and Plaintiff was informed that Harbor Freight Tools was not electronically savvy and that the company primarily maintained hard copies of any relevant documents. Defense counsel stated that they would supplement Defendant's disclosures after it had more time to review the physical hard copies as well as after it had the opportunity to ID the product at the product identification ("PID") examination. The parties discussed possible dates for such an exam and then followed up with one another via email to solidify a date that worked for both parties.[13] June 3, 2018 was ultimately chosen as the date for the exam.[14] **To date, Defendant has failed to supplement its initial disclosures with any responsive materials.**

2. <u>Defendant purposely misrepresented that the subject torch was a Greenwood Propane Torch Item 91033 in its discovery responses.</u>

---

[8] *Id.* at Ex. 3.
[9] *Id.* at Ex. 4.
[10] *Id.* at Ex. 5.
[11] *Id.*
[12] *Id.* at Ex. 3.
[13] *Id.* at Exs. 6; 7.
[14] *Id.* at Ex. 7.

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

In preparation for the upcoming PID exam, Plaintiff served Defendant with Plaintiff's First Set of Interrogatories and Requests for Production on May 8, 2018.[15] Within Plaintiff's discovery set, the term "the product" was specifically defined in the definition's section as "***the product which caused injury or damage to the plaintiff as alleged in the plaintiff's pleadings or*** as referred to in Interrogatory No. 1 set forth below."[16] Interrogatory No. 1 listed the identifying information of the subject torch available to Plaintiff at the time, but still directed Defendant to use the aforementioned definition:

> INTERROGATORY NO. 1: Did the defendant, or any agent or employee of the defendant, design, manufacture, assemble, package, sell, distribute, advertise, install, service, prepare, maintain, or in any way handle the product, ***as defined above***, a description of which is as follows:
>
> (a) Name: Propane Torch
>
> (b) SKU: 91033
>
> (c) Brand: Greenwood™
>
> (d) Shipping Weight: 2.95 lb.
>
> (e) Fuel Type: Liquid propane
>
> (f) Color: Blue handle with a black hose
>
> (g) Hose: Chuan Hseng CHH0251 5/16" L.P./NAT GAS HOSE 350PSIG MAX W.P. CAN 1-8.3/UL 21 4Q/16

The product name, SKU, brand name, shipping weight, and fuel type all came from the associated purchase and sale documents, while the color and hose description came directly from the subject torch.

Plaintiff's first discovery set requested that Defendant produce a variety of different information, including but not limited to, the manufacturer of the subject torch, information on quality control testing, and the types of warnings and directions provided to product consumers:

> INTERROGATORY NO. 2: ***Did the defendant manufacture or assemble the product?*** If yes, please state the address of the plant at which and the date on

[15] *Id.* at Ex. 8.
[16] *Id.*

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

> which the product was manufactured or assembled. ***If no, please identify the manufacturer of the product and its individual components*** by (1) providing name and description for each part, and (2) providing the name and address of the person or company that manufactured each part.
>
> * * *
>
> INTERROGATORY NO. 4: Please list in detail all tests that you did perform concerning quality control and safety during and after the production process of the product and similar products, including for each test such data as:
>
> (a) the purpose of such test,
>
> (b) the condition under which each such test was performed,
>
> (c) the point during the production process at which each such test was performed,
>
> (d) the percentage of similar products that were so tested,
>
> (e) the size of each sample batch,
>
> (f) the names and addresses of the personnel responsible for conducting each such test at the time the product was produced, and
>
> (g) the results of each such test.
>
> * * *
>
> REQUEST FOR PRODUCTION NO. 1: ***Please produce the patent, design specifications, design file, testing records, and all other documents regarding the product*** described in Interrogatory No. 1.
>
> * * *
>
> REQUEST FOR PRODUCTION NO. 3: ***Please produce a copy of all promotional and descriptive materials*** used by you or distributed to other retailers and distributors regarding the product and similar products.
>
> * * *
>
> INTERROGATORY NO. 13: ***Please identify all warnings, advertisements, cautions, and/or directions*** provided to the purchaser and/or consumer of the product from the initial introduction of the product to the present date.
>
> * * *
>
> INTERROGATORY NO. 14: ***Please describe in complete detail the substance and contents of all claims or representations made by you, either orally or in writing, as to the quality, safety, or fitness of the product*** or similar products during the five-year period immediately preceding the alleged occurrence on August 25, 2017.

(emphasis added).[17]

---

[17] *Id.*

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

As previously arranged, the parties met in Seattle, Washington to conduct the PID Examination on the subject torch on June 3, 2018.[18] Counsel and experts for both parties were in attendance.[19] Photos and measurements were taken of the subject torch.[20] According to Defendant's expert report, it was at this meeting when Defendant first determined that the subject torch was not Greenwood Propane Torch Item 91033 as indicated by the purchase and sale documents, but instead Greenwood Propane Torch Item 61589.[21]

Following the PID exam, on June 11, 2018, Defense counsel Bob Spajic requested an extension in responding to Plaintiff's discovery requests.[22] Mr. Spajic made the request because he was allegedly "still reviewing and culling documents and the content of those documents impact[ed] [Defendant's] interrogatory responses."[23] Mr. Spajic ultimately requested three extensions, providing him an additional 36 days to respond to Plaintiff's discovery.[24] All of his requests for extensions were granted by Plaintiff.[25]

On July 13, 2018, Plaintiff finally received Defendant's responses to Plaintiff's first discovery set.[26] Despite Defendant internally identifying the subject torch as Greenwood Propane Torch Item 61589 on June 3, 2018, Defendant's answers and responses contained absolutely zero information whatsoever on Item 61589.[27] Instead, Defendant's answers and responses focused entirely on Greenwood Propane Torch Item 91033.[28] As such, from there on out, Plaintiff operated under the belief that the subject torch was in fact Item 91033. Plaintiff's counsel greenlighted Plaintiff's expert to begin his own testing on 91033 exemplars.[29]

---

[18] *See id.* at Ex. 11.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at Ex. 9.
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.* at Ex. 10.
[27] *Id.*
[28] *Id.*
[29] *See id.* at Ex. 14.

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

  3. <u>Defendant failed to disclose any information on a Greenwood Propane Torch Item 61589 before destructive testing, and then watched in silence as testing was conducted on an exemplar torch of the wrong model.</u>

In the weeks following, the parties arranged to conduct joint destructive testing on the subject torch on August 24, 2018.[30] Destructive testing protocols were also discussed, and drafts were exchanged between the parties; one provision of the destructive testing protocol was for each party to provide an exemplar torch for comparison.[31] Two days before the scheduled testing, however, Plaintiff was informed by Defense counsel that testing needed to be rescheduled because of a family emergency with their expert.[32] Destructive testing on the subject torch was pushed to October 18, 2018.[33]

On October 18, 2018, the parties reconvened in Seattle, Washington for destructive testing as planned.[34] In accordance with the testing protocol, Plaintiff's expert brought an exemplar Greenwood Propane Torch Item 91033 for comparison testing.[35] Defendant's expert failed to bring any exemplar torch.[36] Despite identifying the subject torch as Item 61589 four months earlier, Defendant's expert remained silent during testing of the Item 91033 exemplar. Defense counsel also remained silent as to the product identification when counsel for both parties were called into the testing area to view test results on the Item 91033 exemplar.

Following the joint destructive testing session, Plaintiff's expert continued to conduct testing on Greenwood Propane Torch Item 91033 exemplars in preparation for his expert report.[37]

4. <u>When Plaintiff asked Defendant to supplement its discovery responses, Defendant stated that there was nothing to produce.</u>

---

[30] *See id.* at Ex. 12
[31] *Id.*
[32] *Id.* at Ex. 13.
[33] *Id.* at Ex. 15.
[34] *See id.* at Exs. 11; 14.
[35] *Id.*
[36] *See id.* At this point in time, Defendant had already identified the subject torch as Item 61589. If Defendant had brought an exemplar Item 61589 torch to destructive testing, it would have tipped Plaintiff off as to Defendant's nondisclosure of relevant information. Defendant failed to produce an exemplar Item 61589 torch at testing so that Defendant could surprise Plaintiff with such information after the expert disclosure deadline had passed.
[37] *See id.* at Ex. 14.

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

On November 14, 2018, Plaintiff's counsel emailed Defense counsel CJ Martin asking for Defendant to supplement its discovery responses if possible:

> Per our discussion, if you could take a look at Defendant's responses to Plaintiff's first discovery set and see if there are any responses that could be supplemented it would be much appreciated. Several responses stated that Defendant would supplement at a later date and we still have not received anything.[38]

In response, on November 20, 2018, Ms. Martin stated that she still did not have anything to supplement.[39] Notably, by this point, defense counsel had already provided their experts with a Greenwood Propane Torch Item 61589 exemplar for testing, along with a Greenwood Propane Torch Item 61589 Owner's Manual & Safety Instructions for review.[40]

5. <u>Defendant disclosed information on Greenwood Propane Torch Item 61589 for the first time on December 7, 2018, six months after the PID exam.</u>

Pursuant to the amended case scheduling order, the parties exchanged expert disclosures on December 7, 2018. From reviewing Defendant's expert report, Plaintiff's counsel learned for the first time that Defendant would be arguing that the subject torch was actually a Greenwood Propane Torch Item 61589.[41] In addition, Plaintiff learned that Defendant would be arguing that "any reference to or testing performed on a Greenwood Propane Torch Item 91033 [was] irrelevant, invalid, and misleading."[42]

In response, Plaintiff's counsel immediately contacted defense counsel inquiring why Defendant had failed to produce any information on Item 61589 prior to the filing of the expert reports, waiting instead to disclose after all testing had already been finalized.[43] Defense counsel responded by stating that they were not obligated to provide such information.[44] On December 14, 2018, Plaintiff's counsel informed defense counsel via letter that they would be

---

[38] *Id.* at Ex. 16.
[39] *Id.*
[40] *See id.* at Ex. 11.
[41] *See id.* at Ex. 11.
[42] *Id.*
[43] Plaintiff's counsel Nicholas Douglas conducted a telephone conference with defense counsel CJ Martin on December 14, 2018. During that phone call, Mr. Douglas informed Ms. Martin that he would consider the call as fulfilling the requirements of FRCP 37(a)(1).
[44] *Id.* at Ex. 18.

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

moving the Court for a continuance of upcoming discovery deadlines as well as asking the Court for sanctions:

> I write as a follow up to my earlier telephone conference with CJ Martin. On December 7, 2018, pursuant to the amended case scheduling order, Plaintiff received Harbor Freight Tools' expert report from John Schumacher and Shawn Sapp. After reviewing your experts' opinions, I was genuinely surprised to learn that Harbor Freight would be arguing that the subject torch at issue in this matter was a Greenwood Propane Torch Item 61589, and not a Greenwood Propane Torch Item 91033:
>
> > Based on appearance and physical characteristics noted during the New Torch Examinations and June 3, 2018 PID Examination, ***the subject propane torch was positively identified as a Greenwood Propane Torch Item 61589 and not a Greenwood Propane Torch Item 91033***. Table 3 delineates the differences and similarities between the 91033, 61589, and subject torches. ***Any reference to or testing performed on a Greenwood Propane Torch Item 91033 is irrelevant, invalid, and misleading.***
>
> Outside the original complaint, the possibility of the subject torch being identified as Greenwood Propane Torch Item 61589 has never been raised. And as you were well aware from early phone conversations with Plaintiff's counsel, once we received Plaintiff's purchase order information, where it specifically identified the subject torch as item 91033, we were under the belief that the subject torch was in fact that specific [SKU].
>
> Now, exactly six (6) months and four (4) days after the June 3, 2018 product identification examination, where your expert viewed, measured, and allegedly identified the subject torch as Greenwood Propane Torch Item 61589, we come to learn of this very significant ID for the very first time. Notably, we learn this information after: (1) the parties have agreed on destructive testing protocol; (2) the completion of destructive testing on October 18, 2018, which included direct testing on a Greenwood Propane Torch Item 91033 exemplar; (3) the completion of individual demonstrative testing by experts; and (4) the expenditure of significant resources in preparing the final expert written opinions.
>
> This dilatory disclosure of obviously germane information is extremely concerning, and it begs the question of why such evidence was withheld since June.
>
> * * *
>
> Here, despite being required to provide such vital information as part of Harbor Freight's initial disclosures, despite being required to supplement Harbor Freight's discovery responses upon receipt of responsive information, and despite being required to amend Harbor Freight's answer to Plaintiff's complaint, you elected to remain silent until after Plaintiff had no recourse to respond.
>
> This purposeful nondisclosure of pertinent information is sanctionable under the Federal rules as it can only be described as a direct attempt to frustrate plaintiff's

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

case and gain a strategic advantage over plaintiff by disclosing such information only after significant resources have been spent and after important deadlines have been reached.

While I would normally be interested in hearing your version of when you first learned that the subject torch was possibly Greenwood Propane Torch Item 61589, your expert report clearly indicates that you've had this information since June. It also establishes that instead of sharing this information with plaintiff's counsel over email, over the phone, through supplemented disclosures, or in person at the destructive testing when tests were conducted on an exemplar 91033, you chose to sit back, remain silent, and watch as plaintiffs' expert conduct allegedly "irrelevant, invalid, and misleading" tests on the wrong product.

Even after I specifically asked Harbor Freight to supplement its discovery responses on November [14], 2018, I was provided with an excuse that because of the Woolsey fire in California you did not yet have responses to my discovery related requests. Again, as clearly indicated by your expert report, you had already provided John Schumacher and Shawn Sapp with a Greenwood Propane Torch Item 61589 Owner's Manual & Safety Instructions, along with at least one exemplar Item 61589 for demonstrative testing. To date, we still have not received any of those same materials even though you will be clearly relying on them as a defense.

As a result of your purposeful nondisclosure, Plaintiff has been significantly prejudiced and will be asking the Court for relief. Plaintiff's expert will apparently need to conduct all new testing. As a result, Plaintiff will be moving the Court for a continuance of the expert disclosure deadlines. In addition, Plaintiff will also ask that the Court order Harbor Freight to pay fees and costs associated with filing such a motion, and the fees and costs incurred by Plaintiff from any additional testing that is required. Further, Plaintiff reserves the right to file a motion to strike any affirmative defenses by Harbor Freight involving the previously undisclosed propane torch model.[45]

Six days later, Defendant supplemented its discovery responses with information regarding Greenwood Propane Torch Item 61589.[46] Defendant also ultimately agreed to stipulate to Plaintiff's request for a continuance.[47] On December 21, 2018, Plaintiff's counsel filed a joint stipulated motion asking for relief.[48]

## III. EVIDENCE RELIED UPON

This motion relies upon the Declaration of Darrell L. Cochran In Support of Plaintiff's Motion for Discovery Related Sanctions ("Cochran Decl."), Declaration of Nicholas B.

[45] *Id*. at Ex. 17.
[46] *Id*. at Ex. 19.
[47] *See* Docket ("Dkt.") #14.
[48] *Id.*

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

Douglas In Support of Plaintiff's Motion for Sanctions ("Douglas Decl.") including the exhibits attached thereto, as well as the pleadings, exhibits, and documents already on file in this matter.

## IV. LEGAL ARGUMENT

FRCP 26(a)(1)(A) is unequivocal about the parties' affirmative duty to turn over all information it intends to use at trial.

> [A] party must, without awaiting a discovery request, provide to the other parties:
>
> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses….

FRCP 26(a)(1)(A)(ii). Similarly, FRCP 26(e) requires parties to supplement disclosures and responses in a ***timely manner*** throughout litigation:

> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—***<u>must</u> supplement or correct its disclosure or response***:
>
> (A) ***<u>in a timely manner</u> if the party learns that in some material respect the disclosure or response is incomplete or incorrect***, ***<u>and</u> <u>if</u> the additional or corrective information has not otherwise been made known to the other parties*** during the discovery process or in writing

Here, not only did Defendant intentionally withhold material, pertinent information from Plaintiff for <u>six months</u>, but it made material misrepresentations as to the facts so that Plaintiff would (1) incorrectly identify the subject torch as Item 91033, (2) conduct testing on the wrong model of torch, and (3) have an expert report that was "irrelevant, invalid, and misleading."[49] As a result of Defendant's deceitful conduct, Plaintiff and his expert have wasted significant time and resources testing and developing theories on allegedly the wrong product.

Aside from the various sanctions remedies provided by Rules 26, 37(a), and 37(b), the defendant is also subject to Rule 37(c)(1). Defendant cannot be permitted to use documents and evidence that it has refused to provide pursuant to FRCP 26(e). If a party does not properly

[49] *See* Cochran Decl. at Exs. 11; 18.

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

and timely comply with FRCP 26(e), it may not use the evidence it failed to provide or supplement in a timely fashion. FRCP 37(c). The rule provides in pertinent part:

> **Failure to Disclose, to Supplement an Earlier Response, or to Admit. -- (1) Failure to Disclose or Supplement.** If a party fails to provide information or to identify a witness as required by Rule 26(a) or (e), *the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial*, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion or after giving an opportunity to be heard: (A) *may order payment of the reasonable expenses, including attorney's fees, cause by the failure*…and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

FRCP 37(c)(1). The only exceptions in Rule 37(c) are for circumstances in which the failure to disclose was with "substantial justification" or in which the failure to disclose was "harmless." *Barksdale v. E & M Transp., Inc*., 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010) (finding that the court "must impose sanctions" under FCRP 37(c)(1) where there was no harmless error or substantial justification). Clearly, neither of these limited exceptions applies in this case. *Scott v. GMAC Mortgage, LLC*, Civ. No. 10CV24-NKM (W.D.Va. April 14, 2011) (exception where only omission was limited, for a witness otherwise known to both parties, or negligent party was a pro se litigant).

Whether to award sanctions under Rule 37 is within the Court's broad discretion. *Falstaff Brewing Corp. v. Miller Brewing Co*., 702 F.2d 770, 784 (9th Cir. 1983); *Mutual Fed. Sav. & Loan Ass'n v. Richard & Assocs*., 872 F.2d 88, 92 (4th Cir. 1989). Under this authority, Plaintiff moves this court for an order: (1) striking Defendant's expert witnesses; and (2) ordering the payment of attorneys' fees and costs, including that of Plaintiff's expert costs, that have been incurred from June 3, 2018 to present.

## V. CONCLUSION

Defendant's deceptive tactics have been implemented for the sole purpose of gaining a strategic advantage in this litigation. It should not benefit from violating the rules of discovery in such a blatant and deceitful manner. Plaintiff respectfully asks this Court for an order (1)

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

striking Defendant's expert witnesses; and (2) ordering the payment of attorneys' fees and costs that have been incurred since June 3, 2018.

RESPECTFULLY SUBMITTED this 27th day of December, 2018.

PFAU COCHRAN VERTETIS AMALA, PLLC

By /s/ Darrell L. Cochran
Darrell L. Cochran, WSBA No. 22851
Nicholas B. Douglas, WSBA No. 49786
Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR DISCOVERY RELATED SANCTIONS

Page 13 | 3:17-cv-06028

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

## CERTIFICATE OF SERVICE

I, **Sarah Awes**, hereby declare under penalty of perjury under the laws of the State of Washington and the United States of America that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I served the foregoing via the Court's Electronic Service System by directing delivery to the following individuals:

Robert Spajic
GORDON & POLSCER, LLC
9755 S.W. Barnes Rd. Suite 650
Portland, OR 97225
(503) 242-2922
bspajic@gordon-polscer.com

DATED this 27th day of December, 2018.

_/s/ Sarah Awes__________________
Sarah Awes

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654