**THE HON. BENJAMIN H. SETTLE**

Robert Spajic
bspajic@gordon-polscer.com
Gordon & Polscer, L.L.C.
9755 S.W. Barnes Rd. Suite 650
Portland, OR 97225
Tel: (503)242-2922

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

TACOMA DIVISION

| | |
|---|---|
| BRANDON AUSTIN, | ) Case No. C17-6028BHS |
| | ) |
| Plaintiff, | ) |
| | ) **RESPONSE TO PLAINTIFF'S MOTION** |
| v. | ) **FOR DISCOVERY RELATED** |
| | ) **SANCTIONS** |
| HARBOR FREIGHT TOOLS USA, INC. a | ) |
| foreign corporation; JOHN DOES 1-5, | ) NOTED FOR: JANUARY 11, 2019 |
| | ) |
| Defendants. | ) |
| | ) |

**RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY RELATED SANCTIONS** (C17-6028BHS) - 1

1
2
3
4
5
6
7

Plaintiff moves the court to sanction Harbor Freight Tools USA, Inc. (hereinafter "Harbor Freight") for the timely production of an expert report that disagreed with Plaintiff's own expert report and for Harbor Freight's alleged failure to produce documents that Plaintiff did not request.  Harbor Freight produced documents based on the requests made and defined by the Plaintiff, specifically documents regarding torch SKU 91033.  Because there is no violation of the discovery rules, the Court should deny Plaintiff's Motion.

## I.      ISSUE

8
9
10
11
12

Did Harbor Freight fail to provide information or identify a witness as required by Rule 26 (a) or (e) and if so, was that failure substantially justified or harmless?   No. Harbor Freight provided the requested information regarding torch SKU 91033, other relevant information and timely identified its expert witness as required by Rule 26(a) or (e).

## II.      EVIDENCE RELIED UPON

13
14
15

This motion relies upon the Declaration of Robert Spajic, the Declaration of Casper Wypych, the court docket and the prior pleadings filed with the court in this case.

## III.      RELEVANT FACTS

16
17
18
19
20
21
22
23
24
25
26

Plaintiff claims that Harbor Freight is liable for injuries he alleges were caused by a torch, manufactured by a non-party, he allegedly purchased from Amazon.com.  Spajic Dec. ¶ 3 and Wypych Dec. ¶3.  Plaintiff alleged he purchased "a Greenwood$^{tm}$ Propane Torch – Item 61589 or 91033."  ECF 1, ¶ 4.1.  Plaintiff alleges, and has the burden of proving, that the torch he purchased and used was designed, assembled, manufactured, or sold by Harbor Freight or was marketed under a trade name or brand name of the Harbor Freight, therefore he must prove the identity of the torch.  ECF 1, paragraphs 5.2 and 5.10, *Bostwick v. Ballard Marine, Inc.,* 127 Wn. App. 762 (2005), *Celotex Corp. v. Catrett*, 477 U.S. 317, 319-320, 106 S. Ct. 2548 (1986).

**RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY RELATED SANCTIONS** (C17-6028BHS) - 2

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Rd. Suite 650
Portland, OR 97225
Telephone:  (503) 242-2922

1        Harbor Freight's first notice of this claim was the filing of the lawsuit.  Spajic Dec.

2   ¶4.  Because Plaintiff did not purchase the torch from Harbor Freight, Harbor Freight had no

3   basis to know which model of torch was involved.  Wypych Dec. ¶2.  Harbor Freight did not

4   create the invoice or listing Plaintiff appears to have relied on to identify the torch.  Wypych

5   Dec. ¶4.  Plaintiff retained the torch since the alleged incident, and there is no evidence it was

6   ever possessed by Harbor Freight before or after the alleged incident.  Spajic Dec. ¶5.

7        Both parties provided initial disclosures on March 19, 2018.  Spajic Dec. ¶7.  Harbor

8   Freight indicated that the relevant documents included an insurance policy and "Non-

9   privileged documents relating to the selection, safety, and distribution of its relevant

10   products." Spajic Dec. Ex. 1. Plaintiff did not object to this disclosure and did not confer with

11   defense counsel regarding any claim that this disclosure was incomplete. Spajic Dec. ¶ 10.

12        Plaintiff's motion indicates that Harbor Freight has failed to supplement its initial

13   disclosure with responsive materials.  Though none of the documents produced have been

14   noted as initial disclosure supplements, Harbor Freight has produced the documents it

15   currently believes will be used to support its claims or defenses.  Spajic Dec. ¶ 22.

16        Plaintiff's Interrogatories and Requests for Production defined "the Product" as

17   follows:

18          15.    The term "the product" as used in these interrogatories
shall mean the product which caused injury or damage to the Plaintiff as

19   alleged in Plaintiff's pleadings or as referred to in Interrogatory No. 1 set
forth below.

20   Spajic Dec. Ex. 2.  Interrogatory No. 1 stated the following:

21

22       **INTERROGATORY NO. 1:** Did the defendant, or any agent or
employee of the defendant design, manufacture, assemble, package, sell,

23   distribute, advertise, install, service, prepare, maintain, or in any way
handle the product, as defined above, a description of which is as follows:

24   (a)    Name: Propane Torch
(b)    SKU: 91033

25   (c)    Brand: Greenwood$^{tm}$
(d)    Shipping Weight: 2.95 lb.

26   (e)    Fuel Type: Liquid propane

**RESPONSE TO PLAINTIFF'S MOTION FOR
DISCOVERY RELATED SANCTIONS** (C17-
6028BHS) - 3

1

2

> (f)     Color: Blue handle with a black hose
> (g)     Hose:  Chuan Hseng CHH0251 5/16" L.P./Nat Gas Hose 350 PSIG
>          MAX W.P. CAN 1-8.3/UL 21 4Q/16

3

4

Spajic Dec. Ex. 2.  Harbor Freight's response to these interrogatories and requests for

production were as follows:

5

6

7

8

9

10

> "Harbor Freight objects to Plaintiff's definition of the 'product' on
> grounds that the definition includes a legal conclusion (that the product
> caused injury or damage to Plaintiff) and presumes that Harbor Freight is
> responsible for the design, manufacture, assembly, sale and various other
> processes that resulted in introduction of the actual product into the stream
> of commerce.  Harbor Freight also objects to the word 'handle' as
> ambiguous in a commercial retail setting.  [attorney signature omitted].
> Subject to and without waiver of the objections, neither Harbor Freight nor
> any Harbor Freight agent or employee, designed, manufactured,
> assembled or packaged Greenwood Propane Torch SKU 91033 (the
> "Torch"). . . "

11

12

13

14

15

16

17

18

Spajic Dec. Ex. 3.  Harbor Freight responded to the remaining interrogatories and

requests for production, with the understanding that the "Torch" was the model expressly defined

by Plaintiff as SKU 91033.  Spajic Dec. ¶ 15.   Plaintiff did not object to Harbor Freight's

objections or confer on a motion to compel production of  documents other than those produced

or defined.  Spajic Dec. ¶16.   Plaintiff did not clarify his definition of "the product" as different

than what Harbor Freight indicated was the subject of its responses, namely the torch defined in

Interrogatory No. 1, with SKU 91033.

19

20

21

22

At the destructive testing, neither Plaintiff nor Plaintiff's expert requested an exemplar

torch.  Spajic Dec. ¶ 18.  Neither Plaintiff nor Plaintiff's expert objected to the lack of a second

exemplar torch at the testing or indicated that the testing could not go forward without a second

exemplar or an exemplar of the SKU 61589 model or the SKU 91033 model.  Spajic Dec.  ¶ 18.

23

24

25

Plaintiff's Second Interrogatories and Requests for Production contained the following

definition and request:

26

**REQUEST FOR PRODUCTION NO. 7:** Plaintiff Brandon
Austin was injured while using a Greenwood Propane Torch (SKU

**RESPONSE TO PLAINTIFF'S MOTION FOR
DISCOVERY RELATED SANCTIONS** (C17-
6028BHS) - 4

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Rd. Suite 650
Portland, OR 97225
Telephone:  (503) 242-2922

91033).  The subject torch was packaged as a "kit" that included a hose
that attached to a propane tank.  Writing on the hose read, "Chuan Hseng
CHH0251 5/16" L.P./NAT GAS HOSE 350PSIG MAX."
        Please produce ten (10) similar hoses labeled "Chuan Hseng
CHH0251 5/16" L.P./NAT GAS HOSE 350PSIG MAX." that Harbor
Freight Tools sells as part of the "kit" included with its Greenwood
Propane Torch (SKU 91033) product.

Spajic Dec. Ex. 4.  This request indicates Plaintiff has identified the involved torch as

91033.  Harbor Freight responded and produced 10 hoses with the described labeling, even

though those hoses were packaged with the SKU 61589 torch, not the 91033 torch. Spajic Dec.¶

21.

Harbor Freight supplemented discovery regarding the SKU 61589 model torch on

December 20, 2018, after it became clear Plaintiff's counsel either thought he had already

requested that information or was requesting it after Harbor Freight's expert opinion was

disclosed.  Spajic Dec. ¶ 21.

### IV.    ARGUMENT

**A.    Harbor Freight Disclosed Its Expert Report Within The Time Provided
By The Court**

FRCP 26(a)(2)(D) requires the disclosure of the identity of an expert and a written

report of that expert, "at the times and in the sequence that the court orders" or"[a]bsent a

stipulation or a court order" "at least 90 days before the date set for trial."  The Expert

Witness Disclosure/Reports date was set for December 7, 2018.  ECF 13.  Rebuttal reports

were set as due on January 4, 2019.  ECF 13.  The discovery cut off was set as February 14,

2019. ECF 13.  This provided more than two months between the initial expert disclosures

and the discovery cutoff date.

Plaintiff cites no case or rule which requires the disclosure of expert opinions prior to

the date that the court orders.  Moreover, "[FRCP] 26(b)(3)(A) and (B) protect

**RESPONSE TO PLAINTIFF'S MOTION FOR
DISCOVERY RELATED SANCTIONS** (C17-
6028BHS) - 5

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Rd. Suite 650
Portland, OR 97225
Telephone:  (503) 242-2922

communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications" relate to compensation, identify facts provided by the attorney to the expert, or identify assumptions provided by the attorney to the expert.  FRCP 26(b)(4)(C).  Opinion work product of counsel developed through communications with the expert is not discoverable, and the expert's opinion is discoverable pursuant to the framework of discovery including expert disclosure deadlines, but not before.  *Republic of Ecuador v. Mackay*, 742 F.3d 860, 865, 870 (9th Cir. 2014), *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 234 (2007).

Plaintiff's motion contends that Harbor Freight had a duty to disclose the conclusions of its experts about matters of dispute in the case prior to the expert disclosure deadline.  The law imposes no such obligation.  The identity of the torch purchased by Plaintiff was an issue of potential fact dispute in this case.   Plaintiff acknowledged as much when he pleaded that the involved torch was "Item 61589 or 91033" in paragraph 4.1 of his Complaint.  ECF 1.  Harbor Freight confirmed that fact question and potential dispute when it requested a product identification examination.  Spajic Dec. ¶6.  Other than the examination and subsequent expert opinion, Harbor Freight had no way to identify the torch.  Wypych Dec. ¶2.  Harbor Freight was not in possession of the torch after the alleged incident.  Spajic Dec. ¶ 6. Harbor Freight did not sell the torch, and therefore did not create the invoice or product website that Plaintiff relied on in identifying the torch[1].  Wypych Dec. ¶ 4.  Plaintiff was aware that there were multiple potential identities of the torch and in fact put that issue in its initial pleading.  Eventually, Plaintiff identified the documents he wanted in his First and Second Request for Production as related to SKU 91033.

---

[1] Amazon.com may have mislabeled the torch, but there are no facts to support a claim that this was a deceptive action by Harbor Freight.  Harbor Freight did not sell the product on Amazon.com, and does not distribute products via Amazon.com.  Harbor Freight had no record of the sale of this product to Plaintiff.  Wypych Dec. ¶ 2 and 4.

**RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY RELATED SANCTIONS** (C17-6028BHS) - 6

**GORDON & POLSCER, L.L.C.**
9755 S.W. Barnes Rd. Suite 650
Portland, OR 97225
Telephone:  (503) 242-2922

1   It is not unusual for opposing party's experts to reach opposite conclusions regarding

2   matters at issue in litigation.  However, the discovery rules do not require a party to disclose

3   its expert opinion early to "correct" a "wrong" opinion it suspects the opposing expert may

4   have formed.  Harbor Freight was not certain of Plaintiff's opinion of the identity of the torch

5   until December 7, 2018 when the expert report was disclosed. Spajic Dec.  ¶17 Such

6   disclosure by Plaintiff and by Harbor Freight was timely.

7   Because FRCP 26(a)(2) was not violated, and the complete expert opinion was

8   disclosed within the time set by the court, there is no basis for sanctions under FRCP 37(c).

9   Plaintiff cites no authority that supports the requested sanction of witness exclusion where

10  the witness has been timely disclosed.  Such sanction would seemingly moot the expert

11  disclosure deadline since the claimed failure to disclose allegedly took place six months prior

12  to the required disclosure date.

13  **B.      Plaintiff Did Not Request The Information He Claims Was Withheld**

14  FRCP 37(c) does not provide for sanctions for violations of FRCP 26(b), only FRCP

15  26(a) and (e).  The appropriate "remedy" for an alleged failure to produce documents

16  responsive to FRCP 33 or 34 interrogatories and requests for production is first that Plaintiff

17  confers regarding the alleged failures and then files a motion to compel disclosure.  However,

18  Plaintiff's motion argues that Harbor Freight "misrepresented" that the torch was a 91033 in

19  its discovery responses.  Harbor Freight did not make any misrepresentation, and responded

20  to Plaintiff's discovery requests accurately based on the actual content of the discovery

21  requests.  Harbor Freight has not taken a position in any pleading or discovery response that

22  the torch actually used by Plaintiff was a 91033 torch.  Plaintiff would bear the burden of

23  proof on this issue, and it is not incumbent upon Harbor Freight to identify for Plaintiff

24  which torch is at issue.

25

26

**RESPONSE TO PLAINTIFF'S MOTION FOR
DISCOVERY RELATED SANCTIONS** (C17-
6028BHS) - 7

1    FRCP 33 allows a party to send interrogatories and allows that grounds for an

2    objection to an interrogatory must be stated with specificity.   FRCP 34 allows for a request

3    for production of documents or tangible things.  Objections to requests are allowed.

4    Plaintiff's request included a definition of "the product" which included two

5    alternative definitions.  The first definition was "the product which caused injury or damage

6    to the Plaintiff" and the second was SKU 91033 "as referred to in Interrogatory No. 1."

7    Harbor Freight clearly, completely, and directly objected to the first definition because it

8    included a legal conclusion regarding causation of injury to the Plaintiff.  Harbor Freight did

9    not object to Plaintiff's second, more specific, definition of the product in its discovery

10   requests, since it did not contain a legal conclusion and identified the product as the torch

11   identified as SKU 91033.  Harbor Freight reasonably interpreted Plaintiff's definitions as

12   referring to the "Torch", SKU 91033, and "the product" as one and the same and produced

13   the relevant information for SKU 91033.

14   Plaintiff's counsel did not call defense counsel to indicate that Harbor Freight's

15   objections were inappropriate or that it invalidated Harbor Freight's responses.  Plaintiff's

16   counsel did not propound additional discovery requests to clarify the responses.  For

17   example, Plaintiff could have sent Requests for Admissions regarding each SKU, or an

18   interrogatory specifically asking what Harbor Freight determined was the identity of the

19   product purchased by Plaintiff.  Instead, Plaintiff sent additional discovery requests

20   requesting hoses from the torch it identified as SKU 91033.  If Plaintiff wanted information

21   regarding both SKU numbers to provide to his expert to assist in identification, Plaintiff

22   could have sent requests for production or interrogatories identifying both torches.

23   Defense counsel has no basis for questioning Plaintiff's discovery strategy and no

24   obligation to make sure Plaintiff is asking for what he or his expert require to prepare the

25   case.  Plaintiff's counsel chose to request documents related to SKU 91033.  Harbor Freight

26   produced those documents.  It is not a discovery violation to produce documents as

**RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY RELATED SANCTIONS** (C17-6028BHS) - 8

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Rd. Suite 650
Portland, OR 97225
Telephone:  (503) 242-2922

1  requested.  Even if Plaintiff had requested such documents and they were not produced, the

2  remedy is to "meet and confer" and file a motion to compel if necessary, not an FRCP 37(c)

3  motion for sanctions.

4       There is no basis for sanctions pursuant to FRCP 37(c) because there is no violation

5  of FRCP 26, 33, or 34.

6  **C.  Harbor Freight Produced Responsive Documents In a Timely Fashion**

7       FRCP 26(a)(1) does not require the production of any documents.  Instead, it requires

8  a copy <u>or</u> a "description by category and location – of all documents, electronically stored

9  information, and tangible things that the disclosing party has in its possession, custody, or

10  control and may use to support its claims or defenses."  As described above, Harbor Freight

11  had no basis for identifying the torch at issue in this litigation except for its expert's

12  conclusion.  There is no obligation to produce expert opinions at any point prior to the expert

13  disclosure deadline.

14       FRCP 26(a)(1) and (e) require a party to identify or produce any document it may use

15  to support its claims or defenses.  If such documents or information were not produced

16  initially, the production may be supplemented "in a timely manner."  Expert disclosures are

17  to include the facts or data considered by the witness in forming his opinion.  In general,

18  courts consider a production or supplement "timely" if it occurred before a deadline set by

19  the Court or by a rule.  *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828 (9th

20  Cir.)(finding production of documents after a court issued deadline was untimely); *Harris v.*

21  *City of Seattle*, 315 F.Supp.2d 1112 (W.D. Wash. 2004) (Finding that discovery responses

22  due and depositions set after the discovery cut-off were not timely.)  *Rice v. Corr. Med.*

23  *Servs.*, 675 F.3d 650 (7th Cir. 2012) (Finding that witnesses who were not disclosed as

24  witnesses until after the close of discovery should be excluded.)

25       Harbor Freight produced its expert report at 4:08 P.M. on December 7, 2018, before

26  the deadline for producing expert reports set by the court.  Dec. Spajic. ¶ 11.  Therefore, there

**RESPONSE TO PLAINTIFF'S MOTION FOR**
**DISCOVERY RELATED SANCTIONS** (C17-
6028BHS) - 9

1  is no basis for finding that the expert opinion was not produced in a timely fashion.  Upon

2  receiving and producing the expert report, it was clear that Harbor Freight would need to use

3  some documents, relied on by its expert, related to torch 61589 in support of its defense.

4  Those documents, and additional documents related to that torch, were produced to

5  Plaintiff's counsel on December 20, 2018.   The discovery cut-off in this case was set for

6  February 14, 2019.  Therefore, the supplementation was well within the timeline for

7  production of documents set by the court.

8          Plaintiff indicates that his request for supplementation of discovery in mid-November

9  2018 should have triggered a production of either the expert opinion or other information

10  provided to the Harbor Freight's retained expert.  However, a request for supplementation

11  does not alter the court ordered expert disclosure deadline to require earlier disclosure of

12  expert opinions.  It also does not eliminate the trial preparation privilege available for

13  communications with experts.  The only basis that Harbor Freight had for knowing which

14  product Plaintiff purchased was its expert's opinion.  Plaintiff requested supplementation of

15  responses to his Interrogatories and Request for Production.  As described above, neither the

16  First nor the Second Request for Production included a request for information about the

17  61589 torch.  Therefore, there was nothing to supplement the responses to Plaintiff's

18  discovery request.

19          Once the torch was identified by Harbor Freight's expert, the relevant documents

20  were produced before the rebuttal expert disclosure deadline and well before the discovery

21  cutoff.  Plaintiff argues that the "delay" in production was six months from the date of the

22  initial product identification until the expert disclosure.  At most any "delay" was between

23  December 7 and December 20, just 9 court days.

24          Because the relevant documents and expert opinion were produced before the expert

25  disclosure deadline, and well before the discovery cut-off, the information Plaintiff seeks was

26

**RESPONSE TO PLAINTIFF'S MOTION FOR
DISCOVERY RELATED SANCTIONS** (C17-
6028BHS) - 10

1    timely produced.  Where information is timely produced or supplemented, there is no

2    violation of FRCP 26(a) or (e), and therefore no basis for sanctions.

3          **D.      There is No Other Violation of FRCP 26(a) or (e)**

4          There is no basis for any other violation of FRCP 26(a) or (e).  Plaintiff's motion

5    complains that neither defense counsel nor the defense expert told him or his expert that the

6    exemplar <u>Plaintiff</u> had provided was not the product that Harbor Freight's expert had

7    concluded was involved.  Plaintiff cites no case, and Harbor Freight is not aware of any case,

8    that would require attorneys or experts at a joint examination to explain to Plaintiff's counsel

9    or Plaintiff's expert why their opinions differ.  This is the purpose of expert reports.

10   Communications with an expert prior to disclosure are privileged under FRCP 26(a)(4),

11   therefore there is no basis for requiring the disclosure of those communications.  Neither

12   Plaintiff's counsel nor his expert objected to proceeding without a second exemplar, which

13   was available if it had been requested.  Therefore, there is no violation of FRCP 26(a) or (e)

14   on this basis.

15         **E.      Even If There Was a Violation of FRCP 26 (a) or (e), Plaintiff Has Not
              Shown Harm**

16         As described above, there was no violation of FRCP 26(a) or (e), and therefore there

17   is no basis for a sanction pursuant to FRCP 37(c).  However, if the court is inclined to find

18   that Harbor Freight's expert's opinion or other documents should have been disclosed earlier,

19   it is within the court's discretion to deny Plaintiff's motion if the failure to disclose was

20   "harmless" or with "substantial justification."

21         The Court should consider four factors when deciding whether to exclude a witness

22   pursuant to FRCP 37(c).  *Wendt v. Host Int'l, Inc*., 125 F.3d 806, 814 (9th Cir. 1997).  These

23   are "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to

24   manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring

25   disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Id.*

26   Additionally, if the exclusion of the witness effectively amounts to dismissal of the claim, the

**RESPONSE TO PLAINTIFF'S MOTION FOR
DISCOVERY RELATED SANCTIONS** (C17-
6028BHS) - 11

**GORDON & POLSCER, L.L.C.**
9755 S.W. Barnes Rd. Suite 650
Portland, OR 97225
Telephone:  (503) 242-2922

1    exclusion is only appropriate where the noncompliance involved willfulness, fault, or bad

2    faith, and where lesser sanctions are not available. *R&R Sails Inc.* v. *Ins. Co. of the Pa.,* 673

3    F.3d 1240, 1247 (9th Cir 2012).

4         The Western District of Washington has considered these factors in several cases. A

5    disclosure of expert witnesses 30 days after the expert disclosure deadline, one month before

6    the discovery cutoff, and five months before trial was recently found by this court to be

7    harmless. *Holen v. Jozic,* No. Cl 7-1147 JLR, 2018 U.S.Dist. LEXIS 188479, 2018 WL

8    5761775 (W.D. Wash. Nov. 2, 2018). An expert report disclosed 11 days past the expert

9    disclosure deadline, where discovery cutoff had already past when the court made its ruling,

10   was also considered to be harmless because the party seeking exclusion would have the

11   opportunity to depose the witness and file a motion for summary judgment if desired.

12   *Galentine v. Holland Am. Line-Westours, Inc.,* 333 F.Supp. 2d 991 (W.D. Wash. 2004).

13   Production of documents seven days before the discovery cut-off but two months after a

14   court order to produce all such documents in response to a motion to compel was not timely

15   and was harmful, and the court ordered sanctions. *Heath v.F/V Zolotoi,* 221 F.R.D. 545

16   (W.D. Wash. 2004).

17        This case does not involve an untimely witness disclosure or supplemental

18   production.  The trial date has not been moved, and even Plaintiff's requested continuance of

19   the pre-trial discovery deadlines did not include a request for a later trial.  Plaintiff has four

20   and a half months from the disclosure until trial, providing plenty of time for any necessary

21   reaction to the expert disclosures and production. This disclosure does not impact the

22   expeditious resolution of the case.  Additionally, though the parties stipulated to an

23   extension, the court has maintained its authority to manage its docket and there appears to be

24   no reason that there would be a substantial change to the docket.

25        The prejudice to the Plaintiff, if any, was not unfair and not substantial.  Plaintiff

26   could have secured the information he sought via other discovery methods at some earlier

**RESPONSE TO PLAINTIFF'S MOTION FOR**
**DISCOVERY RELATED SANCTIONS** (C17-
6028BHS) - 12

**GORDON & POLSCER, L.L.C.**
9755 S.W. Barnes Rd. Suite 650
Portland, OR 97225
Telephone:  (503) 242-2922

1    date or even through investigation of publicly available websites.  Plaintiff was in possession

2    of the involved torch and packaging, had a fair opportunity to allow his expert to review the

3    involved torch and come to his conclusions, and bears the burden of proving which torch it

4    was.  The expert disclosure was provided within the time ordered by the court, and allowed

5    the Plaintiff more than two months from that disclosure to propound discovery requests or

6    take depositions of the expert or other witnesses.  At the time of disclosure he had a month

7    wherein his expert could conduct additional testing, gather additional information, and create

8    a rebuttal report in response to Harbor Freight's expert report.  Upon Plaintiff's request,

9    Harbor Freight, even though it did not have to, stipulated to an extension to the discovery

10   deadlines.  Plaintiff may now provide his initial expert report by January 14.  The prejudice

11   to Plaintiff in this case is even less than in *Holen* or *Galentine* because no depositions have

12   been taken, and there is more than sufficient time for Plaintiff to react.

13           Excluding Harbor Freight's expert John Schumacher's report and testimony, that was

14   timely disclosed, would work strongly against the public interest favoring resolution of cases

15   on the merits.  The issues in this case, as raised by Plaintiff himself, include the identity of

16   the product involved, how and if it caused Plaintiff's injuries due to manufacturing or design

17   defect, and whether the included warnings and instructions were adequate.  Expert

18   Schumacher's opinion will weigh on many of these issues.  Excluding the report would make

19   a resolution on the merits very unlikely and excluding him based on failure to disclose his

20   opinion earlier than required would be wholly and unduly prejudicial.

21           Because the alleged late disclosure was harmless and substantially justified, the court

22   should not grant Plaintiff's Motion for Sanctions.

23                               **V.       CONCLUSION**

24           Because there was no violation of the disclosure requirements of FRCP 26(a) or (e), the

25   Court should deny Plaintiff's Motion for Discovery Related Sanctions.

26

**RESPONSE TO PLAINTIFF'S MOTION FOR
DISCOVERY RELATED SANCTIONS** (C17-
6028BHS) - 13

1   Dated this 7th day of January, 2019.

2                                      GORDON & POLSCER, LLC

3

4                                      By: _____

5                                      Robert Spajic, WSBA # 22383
                                       bspajic@gordon-polscer.com
6

7                                      *Attorneys for Defendant Harbor Freight Tools*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**RESPONSE TO PLAINTIFF'S MOTION FOR
DISCOVERY RELATED SANCTIONS** (C17-
6028BHS) - 14

GORDON & POLSCER, L.L.C.
9755 S.W. Barnes Rd. Suite 650
Portland, OR 97225
Telephone:  (503) 242-2922

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2019, I electronically filed this **RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY RELATED SANCTIONS** with the Court using the CM/ECF system which will send notification of such filing to the following:

Darrell L. Cochran
Darrell@pcvalaw.com
Nicholas B. Douglas
cole@pcvalaw.com
Pfau Cochran Vertetis Amala PLLC
911 Pacific Ave., Ste. 200
Tacoma, WA 98402

☐   U.S. Mail
☐   Hand Delivery
☐   Fax
☒   CM/ECF

*Attorneys for Plaintiff Brandon Austin*

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this _____ day of January, 2019.

GORDON & POLSCER, LLC

By: _____
Robert Spajic, WSBA # 22383
bspajic@gordon-polscer.com

*Attorneys for Defendant Harbor Freight Tools*

CERTIFICATE OF SERVICE - 1

**GORDON & POLSCER, L.L.C.**
9755 S.W. Barnes Rd. Suite 650
Portland, OR 97225
Telephone:  (503) 242-2922