UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON AUSTIN, individually,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>HARBOR FREIGHT TOOLS USA, INC., a foreign corporation; and JOHN DOES 1-5,<br><br>　　　　　　　　　Defendants | No. 3:17-cv-06028-BHS<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR DISCOVERY RELATED SANCTIONS**<br><br>NOTED FOR: JANUARY 11, 2019 |



Despite defense counsel's best attempt to frame their six-month purposeful nondisclosure of material information as a timely expert opinion, the record clearly indicates the exact opposite. Defendant's dilatory discovery tactics can only be described as a blatant disregard for the rules of discovery and a deceptive strategy implemented for the sole purpose of frustrating Plaintiff's case. As a result, Plaintiff has experienced substantial harm through the wasted expenditure of fees and costs that all could have been avoided if Defendant followed the rules of discovery that have been specifically designed to promote access and place all parties on a level-playing field. Plaintiff respectfully asks this Court for an order (1) striking Defendant's expert witnesses; and (2) ordering the payment of attorneys' fees and costs that have been incurred since June 3, 2018.

**A.    Defendant had a duty to supplement its initial disclosures in a timely manner – it purposefully failed to do so.**

FRCP 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request. The disclosures must include a copy, or a description by <u>category</u> and <u>location</u> of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses. FRCP 26(a)(1)(A)(ii).

The purposes of the initial disclosure requirements are important and clear. Parties should be put on notice of the factual and legal contentions of the opposing party, and the initial disclosure requirements eliminate surprise and trial by ambush. *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017); *see Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862 (9th Cir. 2014) ("The theory of disclosure under the Federal Rules of Civil Procedure is to encourage parties to try cases on the merits, not by surprise, and not by ambush."). The main purpose of initial disclosures "is to accelerate the exchange of basic information about the case and eliminate the paper work involved in requesting such information." *Silvagni* at 240 (citing *R & R Sails, Inc. v. Insurance Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (quoting Fed. R. Civ. P. 26, advisory committee notes)). "Moreover, early



disclosure also functions to assist the parties in focusing and prioritizing their organization of discovery." *City & Cty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003).

A disclosing party must supplement its FRCP 26(a) disclosure "in a timely manner" when two conditions are present. *R & R Sails, Inc.* at 1246 (citing Fed.R.Civ.P. 26(e)(1)). When a party "learns that in some material respect the disclosure or response is incomplete or incorrect" and where "corrective information has not otherwise been made known to the other parties during the discovery process or in writing," the duty to supplement is triggered. *Id*; *Am. Gen. Life Ins. Co. v. Vistana Condo. Owners Ass'n*, 212CV01324JADNJK, 2016 WL 1611585, at *2 (D. Nev. Apr. 21, 2016). FRCP 26(e) creates a "duty to supplement," not a right. *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009).

"Rule 26(e) does not specifically mandate when supplements must be made, only that they must be made "in a timely manner.'" *Calvert v. Ellis*, 2015 WL 631284, *3 (D. Nev. Feb. 12, 2015). "***Timing is better gauged in relation to the availability of the supplemental information***," and not merely based on compliance with court ordered deadlines. *Dayton Valley Inv'rs, LLC v. Union Pac. R. Co.*, 2:08-CV-00127-ECR, 2010 WL 3829219, at *3 (D. Nev. Sept. 24, 2010); *Calvert* at *3; *Am. Gen. Life Ins. Co*. at *2; *Silvagni* at 241.

According to Defendant's expert report, Defendant was able to "positively identify" the subject torch as Greenwood Propane Torch Item 61589 on June 3, 2018 at the PID Examination. Defendant's experts John Schumacher and Shawn Sapp did not rely on any specialized knowledge or training in identifying the subject torch. Instead, they simply reviewed materials ***provided by defense counsel*** containing factual information such as physical descriptions and measurements of various torch SKUs and then compared those descriptions and measurements to the subject torch.

In Defendant's response, defense counsel claims that they had no ability to identify the subject torch without relying on their expert opinion which was produced on January 7, 2019.



Based on their expert report, however, that is clearly untrue. Not only did defense counsel provide its experts with the Greenwood Propane Torch Item 61589 Owner's Manual & Safety Instructions back in June 2018, but they also supplied its experts with exemplar Item 61589 torches for demonstrative testing. Despite knowing that it would be relying on such information at trial, Defendant did not produce any document or tangible item regarding Greenwood Propane Torch Item 61589 to Plaintiff until December 20, 2018, six (6) months, seventeen (17) days after it had already provided the same information to its own experts. Notably, Defendant purposefully withheld this relevant information until <u>after destructive testing</u> had been completed on October 15, 2018, and <u>after the expert disclosure deadline</u> had passed. To date, Defendant still has not produced an exemplar Item 61589 for testing, nor has it offered a description by category and location for where Plaintiff can locate one.[1]

**B.   Defendant had a duty to answer and supplement discovery responses – it failed to do so and then purposely misrepresented the facts to avoid further supplementation**

FRCP 33 and 34 allows a party to serve another party with interrogatories and requests for production. Pursuant to FRCP 33(b)(3), interrogatories must be answered separately and fully in writing under oath. According to the plain language of FRCP 33, if a party objects, the grounds for objecting must be stated with specificity. FRCP 33(b)(4). If a party objects to a request for production, the objection <u>must state</u> whether <u>any</u> responsive materials are being withheld. FRCP 34(b)(2)(C).

As already stated in Plaintiff's motion, Plaintiff served Defendant with Plaintiff's First

---

[1]   According to the plain language of FRCP 26(a)(1)(A)(ii), if a party does not provide copies with its initial disclosure, the disclosing party is still required to provide a ***description by category and location*** of all evidence it has under its control that it may use to support its claims or defenses, including tangible items. To date, Defendant's initial disclosure remains wholly inadequate:
   (ii) Description of Documents – Harbor Freight has in its possession the following documents that may be used to support its claims or defenses:
     1. The Great American Insurance Policy issued to Harbor Freight, No. PL9952401.
     2. ***Non-privileged documents relating to the selection, safety, and distribution of its relevant products***.
Defendant specifically stated in its initial disclosures that it would also supplement and/or amend as additional pertinent information and documents were obtained. That was never done, indicating to Plaintiff that when he received Defendant's discovery responses only referencing or referring to Item 91033, that Item 61589 was not at issue.

PLAINTIFF'S REPLY IN SUPPORT OF HIS
MOTION FOR DISCOVERY RELATED
SANCTIONS

Page 3 | 3:17-cv-06028



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Set of Interrogatories and Requests for Production on May 8, 2018.  The majority of interrogatories and requests for production that Plaintiff proffered were directly related to the subject torch, which Plaintiff specifically defined as "***the product which caused injury or damage to the plaintiff <u>as alleged</u> in the plaintiff's pleadings <u>or</u>*** as referred to in Interrogatory No. 1 set forth below."

Defendant claims that despite already identifying the subject torch at Item 61589 during the June 3, 2018 PID exam, it failed to answer any of Plaintiff's discovery with responsive answers and materials regarding Item 61589, because it "***clearly, completely, and directly***" objected to one of Plaintiff's two alternative definitions for the term "the product," and that Plaintiff should have recognized that fact.  Defendant's objection regarding Plaintiff's definition for "the product" is accurately copied on page 4 of Defendant's responsive pleadings.

First off, at no point does Defendant differentiate that it is allegedly objecting only to Plaintiff's first definition for the term "product" and not the second as it claims in its response; in fact, Defendant's actual objection refers to there only being one definition for the term "the product," insinuating that Plaintiff's two alternative definitions are actually one in the same.  Instead, he defines his use of the term "the Torch" as Item 91033 and then refers back to "the Torch" in every answer when responding to interrogatories and RFPs utilizing the term "the product."  For example:

**INTERROGATORY NO. 3:**  If any of the component parts of the product were not manufactured by you, did you inspect each such part prior to its introduction into the assembly process?

**ANSWER:**  Harbor Freight did not manufacture the Torch or inspect parts prior to their introduction into the assembly process.

Defendant's objections are unclear and were most likely made to manipulate Plaintiff into believing that Item 91033 was the correct SKU for the subject torch and that no further discovery needed to be conducted.

Second, at no point does Defendant make an objection regarding relevancy.  Given that Defendant identified the subject torch as Item 61589 and not Item 91033, any and all inquiries

PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR DISCOVERY RELATED SANCTIONS

Page 4 | 3:17-cv-06028



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

into Item 91033 would therefore be irrelevant. For whatever reason, Defendant withheld that objection until the expert disclosure deadline when it instructed its experts to insert the objection in their report and when Plaintiff would have no recourse for recovery given that destructive testing had already been conducted and the expert disclosure deadline had already passed. Defendant also purposely failed to object in responding to Plaintiff's second discovery set that requested production of exemplar hoses. In that particular discovery request, which is described on pages 4-5 of Defendant's response, Defendant again did not object and produced the requested hoses that Plaintiff described as being part of Item 91033 packaging, when apparently the requested hoses were only packaged with Item 61589 torches. The only way Plaintiff could have learned of this factual differentiation would have been through the review of responsive materials on Item 61589 that Defendant intentionally withheld and failed to produce until December 20, 2018.

Third, just because Defendant objected to the definition of "the product" as containing a legal conclusion,[2] that does not then automatically eliminate its duty to answer separately and fully in writing under oath, nor does it remove Defendant's obligation to continue to supplement responses once it realizes that additional or corrective information has not otherwise been made known to the other party. In addition, according to FRCP 34(b)(2)(C), if Defendant was withholding any responsive materials, Defendant was required to state which materials were being withheld. Defendant purposefully withheld any responsive information regarding Item 61589 from its answers and responses to frustrate Plaintiff's case. That is the only explanation, especially when the Court considers (1) Defendant's failure to produce an exemplar Item 61589 during destructive testing despite the testing protocols demanding such a production,[3] and (2)

---

[2] Arguably, there is no basis for this objection and it should be overruled. Plaintiff reserves the right to submit additional briefing on this issue if the Court deems necessary.

[3] Defendant argues that an exemplar Item 61589 was not produced during destructive testing and that other information regarding Item 61589 was not produced because its communications with experts prior to expert disclosure are privileged under FRCP 26(b)(4). That same rule specifically states that communications between counsel and experts that identify facts or data that the party's attorney provided and that the expert considered in forming their opinions are discoverable. Defendant is not permitted to hide factual information from Plaintiff under the guise that its privileged communications. That notion directly conflicts with the purpose of discovery

PLAINTIFF'S REPLY IN SUPPORT OF HIS
MOTION FOR DISCOVERY RELATED
SANCTIONS

Page 5 | 3:17-cv-06028

defense counsel's untrue November 20, 2018 direct representation from defense counsel C.J. Martin that counsel had nothing more to produce.

**C.    Defendant's purposeful nondisclosure of responsive material information regarding Item 61589 until after destructive testing and the passing of the expert disclosure deadline is neither justified nor harmless**

FRCP 37(c) "gives teeth" to the requirements of FRCP 26(e). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The text of FRCP 37(c) itself provides that the failure to comply with the disclosure requirements of 26(a) or 26(e) will lead to the exclusion of such evidence. FRCP 37(c)(1). The 1993 advisory committee notes to FRCP 37 describe the exclusion sanction as "self-executing" and "automatic." *Silvagni* at 242. In addition, the Court may also order payment of reasonable expenses, including attorney's fees, caused by the failure. FRCP 37(c)(1)(A).

The only exceptions in FRCP 37(c) are for circumstances in which the failure to disclose was with "substantial justification" or in which the failure to disclose was "harmless." *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010). ***The party facing sanctions bears the burden of establishing that substantial justification or harmless exists***. *Silvagni* at 242. Several factors to guide the determination of whether substantial justification and harmlessness exist, including (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *Id.*

Here, Defendant's intentional nondisclosure of material information from Plaintiff for an entire six month period, and defense counsel's material misrepresentations as to the facts so that Plaintiff would (1) incorrectly identify the subject torch as Item 91033, (2) conduct testing on the wrong model of torch, and (3) have an expert report that was "irrelevant, invalid, and misleading," is neither justified nor harmless. Defendant's deceitful conduct has resulted in

---

and the openness and level playing field that the discovery rules were drafted to create.

PLAINTIFF'S REPLY IN SUPPORT OF HIS
MOTION FOR DISCOVERY RELATED
SANCTIONS

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

Page 6 | 3:17-cv-06028

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799 Facsimile: (253) 627-0654

Plaintiff and his expert wasting significant time and resources testing and developing theories on allegedly the wrong product. These expenditures have not only been costly from a financial standpoint, but they have cost Plaintiff the opportunity to participate in destructive testing on an equal playing field with Defendant; something that can never be replicated. Now, Plaintiff has been forced to spend additional resources having his expert recreate his original report and examine an entirely new model torch.

The discovery process should be marked by the practical cooperation of counsel to move the case beyond the discovery phase to summary judgment motions and trial so that the matter can be adjudicated on its merits. Instead, Defendant manufactured the issue of torch identification in a bad faith attempt to game the system. The rules of discovery should not be viewed as procedural weapons through which parties seek to gain a tactical litigation advantage. Plaintiff moves this court for an order: (1) striking Defendant's expert witnesses; and (2) ordering the payment of attorneys' fees and costs, including that of Plaintiff's expert costs, that have been incurred from June 3, 2018 to present.

RESPECTFULLY SUBMITTED this 11th day of January, 2019.

PFAU COCHRAN VERTETIS AMALA, PLLC

By /s/ Darrell L. Cochran
Darrell L. Cochran, WSBA No. 22851
Nicholas B. Douglas, WSBA No. 49786
Attorneys for Plaintiff

PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR DISCOVERY RELATED SANCTIONS

Page 7 | 3:17-cv-06028



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

# CERTIFICATE OF SERVICE

I, **Cole Douglas**, hereby declare under penalty of perjury under the laws of the State of Washington and the United States of America that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I served the foregoing via the Court's Electronic Service System by directing delivery to the following individuals:

> Robert Spajic
> GORDON & POLSCER, LLC
> 9755 S.W. Barnes Rd. Suite 650
> Portland, OR 97225
> (503) 242-2922
> bspajic@gordon-polscer.com

DATED this 11th day of January, 2019.

　　　　　　　　　　　　　　　　　　　　　　　  /s/ Cole Douglas
　　　　　　　　　　　　　　　　　　　　　　　Cole Douglas

