# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| BRANDON AUSTIN,<br><br>           Plaintiff,<br><br>   v.<br><br>HARBOR FREIGHT TOOLS USA INC,<br>a foreign corporation, and JOHN DOES<br>1-5,<br><br>           Defendants. | CASE NO. C17-6028 BHS<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR SANCTIONS |

This matter comes before the Court on Plaintiff Brandon Austin's ("Austin") second motion for sanctions. Dkt. 36. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

This is a products liability and negligence case arising out of burn injuries Austin sustained while using a Greenwood™ Propane Torch manufactured by Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight"). Dkt. 1. Austin filed this lawsuit on December 11, 2017. *Id*. Without notifying Austin, Harbor Freight announced a recall of

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| BRANDON AUSTIN,<br><br>           Plaintiff,<br><br>   v.<br><br>HARBOR FREIGHT TOOLS USA INC,<br>a foreign corporation, and JOHN DOES<br>1-5,<br><br>           Defendants. | CASE NO. C17-6028 BHS<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR SANCTIONS |

This matter comes before the Court on Plaintiff Brandon Austin's ("Austin") second motion for sanctions. Dkt. 36. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

This is a products liability and negligence case arising out of burn injuries Austin sustained while using a Greenwood™ Propane Torch manufactured by Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight"). Dkt. 1. Austin filed this lawsuit on December 11, 2017. *Id*. Without notifying Austin, Harbor Freight announced a recall of

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| BRANDON AUSTIN,<br><br>           Plaintiff,<br><br>   v.<br><br>HARBOR FREIGHT TOOLS USA INC,<br>a foreign corporation, and JOHN DOES<br>1-5,<br><br>           Defendants. | CASE NO. C17-6028 BHS<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR SANCTIONS |

This matter comes before the Court on Plaintiff Brandon Austin's ("Austin") second motion for sanctions. Dkt. 36. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

This is a products liability and negligence case arising out of burn injuries Austin sustained while using a Greenwood™ Propane Torch manufactured by Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight"). Dkt. 1. Austin filed this lawsuit on December 11, 2017. *Id*. Without notifying Austin, Harbor Freight announced a recall of

its Greenwood torches on January 23, 2019. Dkt. 45 at 4; Dkt. 41 at 6 (citing Dkt. 43). On January 31, 2019, the Court granted Austin's first motion for discovery-related sanctions. Dkt. 33. On February 8, 2019, the parties agreed that Austin would dismiss his lawsuit in exchange for $375,000.00. Dkt. 36 at 2. On February 25, 2019, the parties agreed upon final settlement language. *Id.* On February 27, 2019, Austin notified the Court that the parties had settled. Dkt. 35. Also on February 27, 2019, the United States Consumer Product Safety Commission ("CPSC") issued a recall of the torches based on "two reports of the trigger failing to disengage, including one report of a burn injury." Dkt. 36 at 2.

On March 28, 2019, Austin filed the instant motion for sanctions. Dkt. 36. On April 8, 2019, Harbor Freight responded. Dkt. 41. On April 12, 2019, Austin replied. Dkt. 45. On April 17, 2019, Harbor Freight surreplied. Dkt. 49.

## II. DISCUSSION

Fed. R. Civ. P. 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . unless the failure was substantially justified or harmless." In response to a motion, courts may also "order payment of the reasonable expenses, including attorney's fees, caused by the failure" and "impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1)(A), (B).

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "The construction and enforcement of settlement agreements are governed by

principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). Under Washington law, a contract is binding on the parties when the intention of the parties is plain and the parties or their counsel agree on the terms of the contract even if one or both parties contemplated signing a more formal writing in the future. *Veith v. Xterra Wetsuits, L.L.C.*, 144 Wn. App. 362, 366 (2008).

In his motion, Austin argues that based on the timeline of CPSC recalls, Harbor Freight "deliberately withheld product defect evidence from Austin throughout the life of this lawsuit." *Id.* at 3. Austin argues that had Harbor Freight not withheld this information, "Plaintiff and Plaintiff's counsel would have required a much higher settlement figure." *Id.* Austin requests $300,000 in additional sanctions to compensate him for the loss of value to his claim as well as attorneys' fees and costs beyond the Court's January 31, 2019 sanctions order. *Id.* at 14. Austin also states that the parties agreed on the amount of settlement and agreed on final language of the release of claims. *Id.* at 2. Thus, Austin's opening brief appears to inform the Court that the parties have entered a contract for settlement and the terms are fixed.

In response, Harbor Freight argues that the settlement's broad release of claims encompasses Austin's instant claims for sanctions. Dkt. 41 at 5 (citing Dkt. 42, ¶15). In reply, Austin makes three substantive arguments: (1) that Harbor Freight's conduct amounts to fraudulent inducement of settlement, (2) that the parties' release is not binding because it has not been signed, and (3) that even if the release is binding the Court should interpret its special recitals to exclude claims arising from fraudulent

inducement of settlement. Dkt. 45 at 3–5. In surreply, Harbor Freight asks the Court to strike Austin's three substantive arguments because they were improperly raised for the first time in reply. Dkt. 49 at 2–4.[1] The Court agrees that these arguments could have been advanced in the opening brief and that raising them in reply deprives Harbor Freight of the opportunity to respond. *See Karpenski v. Am. Gen. Life Ins. Co., LLC*, 999 F. Supp. 2d 1218, 1226 (W.D. Wash. 2014) (granting motion to strike when facts introduced in reply should have been introduced in opening brief). Therefore, the Court grants the motion to strike.

Even if the Court considered Austin's improperly presented arguments, he provides no *valid* authority for the proposition that the Court may award as sanctions an increased settlement amount or compensation for other discovery violations. Instead, he cites *Haeger v. Goodyear Tire & Rubber Co.*, 906 F. Supp. 2d 938 (D. Ariz. 2012) for the proposition that "concealment of material facts and fraudulent inducement of settlement" are "eminently sanctionable" and states that *Haeger* was "vacated and remanded on other grounds" by *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1185 (2017). Contrary to Austin's contention, the Supreme Court vacated and remanded on one of the issues Austin presents here, which is whether the Court may compensate Austin for legal

---

[1] Harbor Freight also asks the Court to impose sanctions against Austin based on his failure to confer in good faith on this motion prior to filing it. Dkt. 41 at 11 (citing Fed. R. Civ. P. 37(a)(1)). Austin correctly counters that Fed. R. Civ. P. 37(a), governing motions for an order compelling discovery, contains a conference requirement, but Fed. R. Civ. P. 37(c), failure to disclose or supplement, does not. Dkt. 45 at 6. The Court declines to impose sanctions against Austin on this basis or on any of the bases related to number of pages or use of footnotes which Harbor Freight raises.

fees that are not causally linked to the alleged or proven misconduct. *Id.* at 1186 ("That means, pretty much by definition, that the court can shift only those attorney's fees incurred because of the misconduct at issue."). Instead of submitting evidence of when Harbor Freight knew of the CPSC's investigation and possible recall or requesting post-settlement discovery on this issue, Austin speculates that Harbor Freight "necessarily" knew of the consumer complaints before the October 8, 2018 destructive testing and "may have even been aware of them prior to . . . July 13, 2018." Dkt. 36 at 3. At this point, Austin is basing his motion on speculation, which does not establish the required causal link for actual fees incurred after the alleged discovery violation. Thus, the Court denies this portion of the motion without prejudice.

Regarding the request for sanctions of an increased settlement amount, Austin fails to cite and the Court is unaware of any authority to support such a proposition. The Supreme Court stated that a Court may not award sanctions that are punitive in nature without "procedural guarantees applicable in criminal cases, such as a 'beyond a reasonable doubt' standard of proof." *Haeger*, 137 S. Ct. at 1186. Even if the Court implemented such procedural guarantees, it is highly unlikely that Austin will be able to establish beyond a reasonable doubt that he could have obtained an additional settlement amount of $300,000 if Harbor Freight would have disclosed the CPSC information. It seems that the best way to prove the higher settlement amount would be to rescind the settlement based on the alleged fraudulent inducement and institute new negotiations. Regardless, the Court denies Austin's motion on this issue as well.

### III. ORDER

Therefore, it is hereby **ORDERED** that Austin's second motion for sanctions, Dkt. 36, is **DENIED**.

Dated this 30th day of May, 2019.

BENJAMIN H. SETTLE
United States District Judge