UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON AUSTIN,<br><br>                Plaintiff,<br><br>   v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>                Defendant. | CASE NO. C17-6028 BHS<br><br>ORDER AWARDING SANCTIONS |

This matter comes before the Court on Plaintiff Brandon Austin's ("Austin") petition for an award of sanctions. Dkt. 34.

On January 31, 2019, the Court granted Austin's motion for sanctions and requested a petition setting forth the amount of attorney and expert's fees Austin incurred as a result of the actions by Defendant Harbor Freight Tools USA, Inc.'s prior counsel, Robert Spajic ("Spajic"). Dkt. 33. On February 19, 2019, Austin filed a declaration and evidence in support of a request for $57,508.10 in expert's fees and $8,100 in attorney's fees. Dkt. 34. On April 5, 2019, Spajic responded, objected to the amount of expert's

ORDER - 1

fee, and conceded the amount of attorney's fees. Dkt. 39. On April 12, 2019, Austin replied. Dkt. 47.

Under its "inherent powers," a district court may award sanctions against a party or counsel who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997). The amount of sanctions must be reasonable and only make "the prevailing party whole for expenses caused by his opponent's [misbehavior]." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).

In this case, the Court finds that some of Spajic's objections have merit and reduces the requested expert's fees. As a general matter, the Court has reviewed all of Dr. Jesse Grantham's invoices and finds that the invoices are not always detailed as to actual activity but often billed in hour increments. While it was difficult to determine where overlap of the two relevant torches' examination activities occurred without more detail from the billing records or through a declaration, the Court makes its findings based upon its understanding of (1) that which was essentially a waste of Dr. Grantham's time and (2) that which was likely beneficial to Austin's discovery needs during the testing and evaluation process. Regarding the actual invoices, the Court finds as follows:

1. Dr. Grantham's billed time on invoice #10760 was to a significant degree wasted because all work that was done in relation to the product identification examination ("PID Examination") was on the torch model that Austin was led to believe was #91033 (the "33 Torch"). The PID Examination, however, was performed on torch model #61589 (the "89 Torch"), a fact known by the defendant's expert who also knew, along with Spejic, that Austin had been led to believe it was the 33 torch. These facts

are further aggravated by Spajic's failure to provide Austin with the product information including manuals that Austin had requested pursuant to the rules of discovery well in advance of the PID Examination. Even so, the Court must conclude that since the examination was made of the 89 Torch that was the actual source of the alleged injury there must have been some useful information gained by that examination. The Court finds compensation is warranted for half the total billing for that invoice, which is $2,863.00.

2. With regard to invoice #10831, the Court finds that the time spent by Dr. Grantham, which was devoted to reviewing the defense's destructive testing protocol, cannot be said to have been substantially wasted. It is reasonable to assume from the record that this protocol did not likely need to be substantively altered for the destructive testing of the 89 Torch. However, the work referenced in this invoice that was devoted to the research of the 33 Torch in connection with thread evaluation was work that would have to have been repeated in connection with the 89 Torch. Thus, Austin is entitled to be compensated in the amount of $1,795.00 of this invoice.

3. With regard to invoice #10953, the Court views the work as substantially useful to the ultimate protocol for the destructive testing of the 89 Torch. No compensation is made for this invoiced expense.

4. With regard to invoice #10954, the Court views these charges as fully compensable. The preparation and attendance at the destructive testing was virtually useless to Austin. The defense stood by while Dr. Grantham destructively tested the 33 Torch, and then the subject 89 Torch was tested but rendered the necessary replication of the subject torch impossible. While this test might not have been totally useless, the fact that the defense did not bring any exemplar to the test and allowed Austin to do the comparable testing of the exemplar of the 33 Torch that Austin brought goes to the heart of the defense's egregious conduct. All this work had to be redone with the exemplar 89 Torch. The entire amount of this invoice, $9,826.85, is compensable.

5. Invoice #10955 represents work of Dr. Grantham after the October 18th destructive testing. While, some of the information coming out of the testing of the 89 Torch was arguably useful, for the same reasons given on the previous invoice this entire invoice is compensable in the amount of $3,220.50.

6. With regard to invoice #11080, the Court concludes that some of this work was ultimately useful. Although it was infected with many of the same problems with other work regarding the review of testing the wrong torch, the Court cannot find that more than 50% of that work was of little or no use to the plaintiff. Therefore, one half of the invoice in the amount of $5,687.50 is compensable.

7. With regard to invoice #11105, the Court finds itself agreeing with the points made by both parties. Much of the work reflected in this invoice was useful to Austin in connection with the destructive testing of the subject 89 Torch. Yet, Austin was frustrated in his efforts to correct the problems that were caused by the discovery violations. The Court finds that most of the work was useful to Austin but some fraction of this invoice, which is hard to precisely measure here, was for work incurred because of the deceptions that delayed the expert report aspect of discovery. The Court finds that the portion of that work which was not useful is not less than 25%. Thus, the compensation due on this invoice is $5,500.12.

Therefore, the total compensation due Austin for Dr. Grantham's work is $28,892.97. With the addition of the uncontested attorney's fees of $8,100.00, Austin is awarded a total of $36,992.97 from Spajic.

**IT IS SO ORDERED**.

Dated this 31st day of May, 2019.

BENJAMIN H. SETTLE
United States District Judge